UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMODAR CHANDRA DAS,<br>　　Plaintiff,<br>　　v.<br>OAK SMITH, et al.,<br>　　Defendants. | Case No. 24-cv-00447-RS (PR)<br><br>**ORDER DISMISSING THE SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff puts forth unrelated claims in his second amended 42 U.S.C. § 1983 complaint, which is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). Because including unrelated claims in one civil rights action violates federal pleading rules, the second amended complaint is DISMISSED with leave to file an amended complaint that complies with federal pleading rules. On or before **July 14, 2025**, plaintiff shall file a third amended complaint. <u>Failure to file a proper amended complaint by July 14, 2025, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u>

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Background**

Plaintiff filed an initial complaint, but less than a month later asked for, and was granted, permission to file a first amended complaint.  (Dkt. Nos. 1, 8, and 12.)  The first amended complaint was dismissed because it was prolix at over 60 pages, confusingly compiled, and difficult to understand.  (Dkt. No. 14 at 1.)  Plaintiff was warned that:

> any claims raised must be related by fact and law.  Federal pleading rules require that claims be based on 'the same transaction, occurrence, or series of transactions or occurrences' and pose a 'question of law or fact common to all defendants.'  Fed. R. Civ. P. 20(a)(2).

(*Id.* at 3.)  A 20-page limit on the amended complaint was imposed.

**C.    Legal Claims**

In the second amended complaint, plaintiff puts forth claims arising from incidents unrelated by fact, law or defendant that occurred on December 6, 2023; July 25, 2023; December 1, 2023; December 3, 2023; and January 12, 2024.  The inclusion of unrelated claims violates federal pleading rules, which was made clear to plaintiff in a prior order.  In his amended complaint, plaintiff must choose <u>one</u> of these incidents as the basis for his claims.

Plaintiff mentions "reasonable accommodations," which likely is a reference to the Americans with Disabilities Act, 42 U.S.C. § 12132 (ADA).  Simply mentioning reasonable accommodations is inadequate to make out a claim under the statute.  To state a claim under Title II of the ADA, a plaintiff must sufficiently allege (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010).

## CONCLUSION

The second amended complaint is DISMISSED with leave to file a third amended complaint on or before **July 14, 2025**.  The third amended complaint must include the caption and civil case number used in this order (24-00447 RS (PR)) and the words THIRD AMENDED COMPLAINT must appear on the first page.  <u>The third amended complaint must also appear on this Court's form</u>, a copy of which will be sent to him.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from any prior complaint by reference.  Failure to

file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to plaintiff.

As with the second amended complaint, the third amended complaint must be no longer than 20 pages in length and it must focus on one set of defendants whose acts arise from a common core of facts.  If the complaint is longer than 20 pages, it likely will be dismissed for failure to follow court instructions.  Plaintiff should note that the 20-page limit does not mean he must file a complaint of at least twenty pages --- he may need only a few pages to describe his claims.  If the complaint again raises unrelated claims, it likely will be dismissed on the same grounds.  Plaintiff is allowed to append only 10 pages of exhibits, which must be separated clearly from the complaint itself.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:**  May  28 , 2025

_____
RICHARD SEEBORG
Chief United States District Judge